LINK: 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | March 5, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

**ORDER RE: MOTION TO DISMISS**

**I.
INTRODUCTION**

Plaintiff Sherman Bahr ("Bahr" or "Plaintiff") brings this putative class action against Defendant Canon U.S.A., Inc. ("Canon" or "Defendant"), asserting causes of action under the California Song-Beverly Consumer Warranty Act ("Song-Beverly") and the California Unfair Competition Law ("UCL"). (Docket No. 1 [Complaint ("Compl.")].) He alleges that Canon improperly prevents independent service and repair facilities from obtaining the necessary parts to service and repair its camcorders, in violation of Cal. Civ. Code § 1793.03.

Before the Court now is Defendant's motion to dismiss the complaint. In the alternative, Canon asks that the Court strike Plaintiff's class allegations. Because the Court finds that the Song-Beverly Act does not protect against the alleged actions, it **GRANTS** the motion to dismiss. The Court provides its reasoning below.

**II.
BACKGROUND**

Plaintiff Sherman Bahr, doing business as Video One Repair, has serviced and repaired camcorders in California since 1994. (Compl. ¶ 8.) He specializes in camcorders manufactured by Defendant Canon U.S.A., Inc., and until recently he could easily obtain replacement parts from Defendant. (Id. ¶¶ 21, 22.) However, these replacement parts have become more difficult to procure over the past two years. (Id.) Bahr alleges that, in December 2012, Canon informed him it would be unable to provide the parts necessary for repairs to three camcorder models. (Id.

LINK: 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | March 5, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

¶ 23.) It appears that Plaintiff believed the parts were out of stock, and would be available at a later date. (Id. ¶¶ 24–25.) But when Bahr attempted to obtain parts for those camcorders in May 2013, he was told that Canon had a "policy of not providing parts to independent service and repair facilities." (Id. ¶ 27.) Defendant instead advised him to send the camcorders to its Factory Service Centers for repair. (Id.)

Plaintiff alleges that Canon's actions conduct and policies wilfully prevented or severely limited independent service and repair facilities from securing necessary parts to repair the camcorders. (Id. ¶ 6.) He maintains that this is a violation of Cal. Civ. Code Section 1793.03(b), which requires manufacturers to supply replacement parts for products for which they provide express warranties. (Id. ¶ 3.)

Plaintiff operates his independent service and repair facility in Newbury Park, California, and is licensed by the California Bureau of Electronic and Appliance Repair. (Id. ¶ 8.) Canon is the exclusive United States distributor of Canon-brand products (including the at-issue Canon-brand camcorders) manufactured by its parent company, Canon, Inc. (Id. ¶ 9.) Plaintiff seeks to represent a class comprised of:

> All independent service and repair facilities in California that service and repair camcorders which were manufactured by Canon, Inc. from 2006 to the present and all persons who own a camcorder manufactured by Canon, Inc. for personal use that was purchased in California and manufactured from 2006 to the present.

(Id. ¶ 28.)

On November 22, 2013, Defendant moved to dismiss Plaintiff's complaint. (Docket No. 14-1 [Mot. to Dismiss ("Mem.")].) After a series of continuances, Plaintiff has opposed that motion, and Defendant has replied. (Docket No. 21 [Opp. to Mot. to Dismiss ("Opp.")]; Docket No. 25 [Reply for Mot. to Dismiss ("Reply")].)
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | March 5, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

**III.
DISCUSSION**

**A. LEGAL STANDARD FOR A MOTION TO DISMISS**

  A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

  Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 679.

  A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 678–79; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

  Here Canon contends that, assuming the truth of the allegations in the operative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | March 5, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

complaint, Bahr has not identified any conduct that violates the statute.

**B. APPLICATION**

Plaintiff claims that Canon violated the Song-Beverly Act when it refused to provide him with replacement camcorder parts. (Compl. ¶¶ 42–43.) The Parties have not cited, and the Court has not found, any caselaw interpreting Cal. Civ. Code § 1793.03(b), the provision of that Act at issue. Accordingly, the Court's evaluation of Plaintiff's charge turns on a close reading of the statute itself, which mandates that:

> Every manufacturer making an express warranty with respect to an electronic or appliance product . . . shall make available to service and repair facilities sufficient service literature and functional parts to effect the repair of a product for at least seven years after the date a product . . . was manufactured . . . .

Cal. Civ. Code § 1793.03(b).

Upon review of the briefing submitted in connection with Defendant's motion to dismiss, it appears that a novel question of law now confronts the Court: whether the "service and repair facilities" mentioned in Section 1793.03 include all service and repair facilities, or whether they may be limited to some smaller subset of facilities. The issue calls into question whether the provision of the Act was meant to protect consumers by providing facilities where they can obtain repairs or to protect the repair businesses that provide consumers with such services.

### 1. THE SONG-BEVERLY ACT, CAL. CIV. CODE § 1790 ET SEQ.

California's Song-Beverly Act "regulates warranty terms [and] imposes service and repair obligations on manufacturers . . . who make express warranties." Mills v. Forestex Co., 108 Cal. App. 4th 625, 634 n.1 (Cal. App. 5th Dist. 2003). It does so in part by providing those manufacturers with a choice. They may either operate service and repair facilities on their own, or they may authorize certain independent service and repair facilities to act in their stead. See Cal. Civ. Code § 1793.2(a)(1)(A). This structure necessarily contemplates the potential existence of three relevant groups: (1) manufacturer-run service and repair facilities, (2) authorized (but independent) service and repair facilities, and (3) independent (but unauthorized) service and repair facilities.

Many of the provisions in Song-Beverly clearly apply to one group or another. The Act endeavors to use consistent terminology, and occasionally indicates that a provision applies to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | March 5, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

independent service and repair facilities, or that it applies only to authorized service and repair facilities. See, e.g., Cal. Civ. Code §§ 1793.1(e)(2), 1793.2(a)(1)(B). However, the section at issue in this case is somewhat more ambiguous. As described above, Section 1793.03(b) pertains simply to "service and repair facilities."[1]

Unlike those other provisions of the Song-Beverly Act, Section 1793.03 does not include a qualifier before the phrase "service and repair facilities." Canon therefore claims that it should be construed narrowly: so long as it provides enough parts to enough facilities, consumers will be able to repair their products, and Defendant will have complied with the Act. (Mem. at 4–5.) This interpretation would preclude Plaintiff from bringing a suit based on Section 1793.03. Bahr therefore believes it should be construed more broadly: Canon must provide parts to all service and repair facilities, which it has failed to do. (Opp. at 4.) Reading the statute in isolation, neither proposal necessarily carries the day.

### 2. THE PARTIES' PROPOSED DEFINITIONS

The Parties agree that Plaintiff qualifies as an "independent service and repair facility." (Mem. at 3; Opp. at 7.) They also agree that Plaintiff is not an authorized facility. (Id.) Returning to the three groups described above, this suggests that Plaintiff would only be protected by Section 1793.03 if all facilities are protected. And indeed, this issue is the primary focus of the Parties' briefing.

Canon argues that the phrase "service and repair facilities" draws a line between (1) facilities operated by, affiliated with, or authorized by a manufacturer, on the one hand, and (2) facilities operating separate and apart from the manufacturer, on the other. (Mem. at 5.) Under this interpretation, Plaintiff's independent facility would not be included within the meaning of Section 1793.03(b). Alternatively, Plaintiff maintains that "service and repair facilities" should be read to include even unauthorized service and repair facilities. (Opp. at 5–6.) Plaintiff declares that Canon must therefore provide repair parts to all facilities in the business of servicing and/or repairing Canon camcorders. (Id.)

///

---

[1] The Court notes that several sections of Song-Beverly also refer only to "service and repair facilities." Two of these will be addressed below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | March 5, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

### 3. INTERPRETING "SERVICE AND REPAIR FACILITIES"

Both of these possibilities require the Court to infer language that does not exist in Section 1793.03 itself: either it applies to "all" service and repair facilities, or it applies to "some" or "enough" service and repair facilities. The Court must therefore turn to the language of other provisions in Song-Beverly for clarification as well as the policies underlying the statute's objectives. Boise Cascade Corp. v. United States EPA, 942 F.2d 1427, 1432 (9th Cir. 1991) ("Under accepted canons of statutory interpretation, we must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous."). Such an inquiry begins with Section 1791, which provides the definitions of various terms used in the Act. Cal. Civ. Code § 1791.

Section 1791 does not define "service and repair facilities," but it does specify that an "_independent_ repair or service facility" is "any individual, partnership, corporation, association, or other legal entity, not an employee or subsidiary of a manufacturer or distributor, that engages in the business of servicing and repairing consumer goods." Cal. Civ. Code § 1791(f) (emphasis added). The Parties agree that Plaintiff clearly falls within the scope of this term. (Mem. at 3; Opp. at 7.)

Lacking a specific definition, the Court next turns to provisions of the Song-Beverly Act that use the unmodified phrase "service and repair facilities." Two such statutes are especially relevant. The first requires a manufacturer to maintain facilities sufficient to comply with the terms of its warranties. Cal. Civ. Code § 1793.2(a). The second provides buyers with a remedy against manufacturers who fail to comply with Section 1793.2(a). Cal. Civ. Code § 1793.3. Both provisions contrast the phrase "independent service and repair facilities"—the only category into which Plaintiff can fit—with the unmodified phrase "service and repair facilities."

Section 1793.2(a) requires that:

> [e]very manufacturer of consumer goods sold in this state and for which the manufacturer has made an express warranty shall . . . [m]aintain in this state sufficient service and repair facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of those warranties or designate and authorize in this state as service and repair facilities independent repair or service facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | March 5, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

Cal. Civ. Code § 1793.2(a)(1)(A) (emphasis added). Canon argues, and the Court agrees, that the term "service and repair facilities" is used here in contrast to the phrase "independent repair or service facilities." (Mem. at 5.) Independent facilities may be designated as "service and repair facilities." But unless this designation occurs, a manufacturer who relies solely on "independent repair or service facilities" to comply with the terms of its warranties would be in violation of Section 1793.2(a). See Forty-Niner Sierra Res., Inc. v. Subaru of Am., Inc., 416 F. Supp. 2d 861, 869–870 (E.D. Cal. 2004) (a manufacturer may be liable under Section 1793.3 "only" if independent facilities were never designated as authorized facilities). The two phrases therefore cannot be synonymous.

Section 1793.3 contemplates a similar distinction between the phrases. That provision states that:

> [i]f the manufacturer of consumer goods sold in this state for which the manufacturer has made an express warranty does not provide service and repair facilities within this state pursuant to subdivision (a) of Section 1793.2, or does not make available to authorized service and repair facilities service literature and replacement parts sufficient to effect repair during the express warranty period, the buyer of such manufacturer's nonconforming goods may . . . [r]eturn the nonconforming goods to the retail seller thereof. The retail seller shall . . . [d]irect the buyer to a reasonably close independent repair or service facility willing to accept service or repair under this section.

Cal. Civ. Code § 1793.3(a)(2) (emphasis added). Canon once again argues, and the Court again agrees, that the terms "service and repair facilities" and "independent repair and service facility" refer to distinct groups. (Mem. at 6.) If "service and repair facilities" are inadequate, a buyer may then turn to "independent service and repair facilities." See 44-502 California Forms of Pleading and Practice—Annotated § 502.43[6].

Of course, Section 1793.03 does not draw such an explicit distinction; it refers only to "service and repair facilities." However, in light of the clear differences between groups in Sections 1793.2(a) and 1793.3, it would be inconsistent for the Court to declare the phrases now to be equivalent. Accordingly, the Court must find Section 1793.03 applies only to "some" service and repair facilities.

This conclusion is consistent with the statutory purpose, which is to insure consumers that they will have access to repair facilities for consumer goods purchased in the state. But that does not strip the manufacturer of the ability to control the allocation of replacement parts to be made

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | March 5, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

available within the state. If Bahr's position is correct, every manufacturer of consumer goods must supply any and all repair facilities within the state with replacement parts on demand without regard to the costs and potential inefficiencies associated with such a requirement. In the absence of a clear legislative mandate to the contrary, the Court finds nothing in the Song-Beverly that obligates a manufacturer to supply every mom and pop repair shop with whatever parts it wants whenever it wants them. So long as consumers have a place to go to have their goods repaired, the manufacturer has met its legal obligation, and Song-Beverly has achieved its objective.

Because there is sufficient language throughout Song-Beverly to support Defendant's contention that "service and repair facilities" do not include unauthorized, unaffiliated facilities, the Court must **GRANT** the motion to dismiss with respect to Plaintiff's claim under Section 1793.03.

### 4. PLAINTIFF'S UNFAIR COMPETITION CLAIM

In addition to his claim under Section 1793.03, Bahr alleges that Defendant violated the California Unfair Competition Law. The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. To state a claim for an "unlawful" business practice under Section 17200, a plaintiff must assert the violation of some other law. Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). An act or practice is "unfair" under the UCL "if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." Daugherty v. Am. Honda Motor Co., Inc., 51 Cal. Rptr. 3d 118, 129 (Cal. App. 2d Dist. 2006). Finally, conduct violates the "fraudulent" prong of the UCL if it is "likely to deceive." Campos v. Bank of Am., Inc., 2011 U.S. Dist. LEXIS 70407, at *26 (N.D. Cal. June 30, 2011).

Plaintiff apparently admits that the Song-Beverly violation was the sole basis for his UCL claim. (Opp. at 10 n.2.) Accordingly, with the Section 1793.03 claim already rejected, Plaintiff's unfair competition claim must likewise be dismissed. Accordingly, Defendant's motion is **GRANTED** with respect to this cause of action.

/ / /

**LINK: 14**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | March 5, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

# IV.
# CONCLUSION

For the reasons given above, the Court **GRANTS** Defendant's motion to dismiss. The motion to strike is therefore **DENIED as moot**. In view of the Court's reasoning, the Court has very serious doubt that Plaintiff can amend his complaint to state a claim. However, out of an abundance of caution, the Court will allow Plaintiff one opportunity to amend. If Plaintiff wishes to file an amended complaint with the Court, it must be filed with the Court no later than the close of business **on March 28, 2014.** The hearing presently scheduled for Monday, March 10, 2014, is hereby **VACATED**.

**IT IS SO ORDERED.**