**LINK: 34**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**        **(In Chambers)**

**ORDER RE: MOTION TO DISMISS**

**I.**
**INTRODUCTION**

Plaintiff Sherman Bahr ("Bahr" or "Plaintiff") brings this putative class action against Defendant Canon U.S.A., Inc. ("Canon" or "Defendant"), asserting causes of action under the California Song-Beverly Consumer Warranty Act ("Song-Beverly"), the California Cartwright Act ("Cartwright"), and the California Unfair Competition Law ("UCL"). (Docket No. 30 [First Am. Compl. ("FAC")].) He alleges that Canon (1) prevents independent service and repair facilities from obtaining replacement parts necessary to fix its camcorders, in violation of Cal. Civ. Code § 1793.03, and (2) improperly ties sale of replacement parts with the provision of repair services, in violation of Cal. Bus. & Prof. Code § 16720 et seq.

Before the Court now is Defendant's motion to dismiss the FAC. In the alternative, Canon asks that the Court strike Plaintiff's class allegations. The Court previously rejected Plaintiff's Song-Beverly theory of liability when it dismissed the original complaint. Additionally, Bahr has not pled facts sufficient to suggest an inappropriate tying arrangement, and he has failed to adequately allege that Defendant's conduct was "unfair." Accordingly, Defendant's motion to dismiss must be **GRANTED**. The Court provides its reasoning, in further detail, below.

LINK: 34

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

## II.
## BACKGROUND

Plaintiff Sherman Bahr, doing business as Video One Repair, has serviced and repaired camcorders in California since 1994. (FAC ¶ 9.)  He specializes in camcorders manufactured by Defendant Canon U.S.A., Inc., and until recently he could easily obtain replacement parts from Defendant. (Id. ¶¶ 21, 22.)  However, these replacement parts have become more difficult to procure over the past two years. (Id. ¶¶ 22–23.)  In December 2012, Bahr was completely unable to obtain the parts necessary for repairs to three camcorder models. (Id. ¶ 24.)  After some back-and-forth, including a March 2013 communication in which Canon promised that the parts would "be available upon [his] request," Plaintiff put in another order for necessary parts in May 2013. (Id. ¶¶ 26–27.)

Plaintiff was again told that the parts were not available, but he was subsequently informed that Canon had a "policy of not providing parts to unaffiliated and unauthorized service and repair facilities." (Id. ¶ 28.)  Defendant instead advised him to send the camcorders to its Factory Service Centers for repair. (Id.)  Shortly thereafter, Plaintiff requested several repair manuals from Canon. (Id. ¶ 29.)  He was informed that this request "was being processed," but no manuals were ever sent. (Id. ¶¶ 29–30.)

Plaintiff alleges that Canon's conduct and policies wilfully prevent or severely limit independent service and repair facilities from securing parts necessary to repair its camcorders. (Id. ¶ 7.)  He maintains that this is a violation of Cal. Civ. Code Section 1793.03(b), which requires manufacturers to supply replacement parts for products for which they provide express warranties. (Id. ¶ 3.)  He also believes that this refusal constitutes an illegal tying arrangement—linking replacement parts with repair services—in violation of Cal. Bus. & Prof. Code § 16720 et seq. (Id. ¶ 6, 76.)

Plaintiff operates his independent service and repair facility in Newbury Park, California, and is licensed by the California Bureau of Electronic and Appliance Repair. (Id. ¶ 9.)  Canon is the exclusive United States distributor of Canon-brand products (including the at-issue Canon-brand camcorders) manufactured by its parent company, Canon, Inc. (Id. ¶ 10.)  Plaintiff seeks to represent a class comprised of:

> All independent service and repair facilities in California that service and repair camcorders which were manufactured by Canon, Inc. from 2006 to the present and all persons who own a camcorder manufactured by Canon, Inc. for personal use that was purchased in California and manufactured from 2006 to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

the present.

(Id. ¶ 57.)

On May 16, 2014, Defendant moved to dismiss Plaintiff's FAC.  (Docket No. 34-1 [Mot. to Dismiss ("Mem.")].)  Plaintiff has now opposed that motion, and Defendant has replied. (Docket No. 37 [Opp. to Mot. to Dismiss ("Opp.")]; Docket No. 40 [Reply for Mot. to Dismiss ("Reply")].)

**III.
DISCUSSION**

**A.  LEGAL STANDARD FOR A MOTION TO DISMISS**

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).  On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007).  Dismissal under Rule 12(b)(6) may be based on either (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief.  Id. at 679.

A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted).  Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . .  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Iqbal, 556 U.S. at 678–79; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**B. APPLICATION**

Plaintiff includes three causes of action in his current complaint.  First, he claims that Canon violated the Song-Beverly Act when it refused to provide him with replacement camcorder parts.  (FAC ¶¶ 66–74.)  Second, he alleges that Canon violated the Cartwright Act by tying access to replacement parts with provision of repair services.  (Id. ¶¶ 75–88.)  And third, Plaintiff maintains that Canon's policy of refusing to supply replacement parts is unfair and unlawful, in violation of the UCL.  (Id. ¶¶ 89–97.)  The Court will address each of these claims in turn.

**1. THE SONG-BEVERLY ACT, CAL. CIV. CODE § 1790 ET SEQ.**

California's Song-Beverly Act "regulates warranty terms [and] imposes service and repair obligations on manufacturers . . . who make express warranties."  Mills v. Forestex Co., 108 Cal. App. 4th 625, 634 n.1 (2003).  As Plaintiff indicates, one provision of Song-Beverly requires that "[e]very manufacturer making an express warranty with respect to an electronic . . . product . . . shall make available to service and repair facilities sufficient service literature and functional parts to effect the repair of [that] product . . . ."  Cal. Civ. Code § 1793.03(b).

Plaintiff operates a repair facility, and he has been unable to obtain replacement parts for Canon products that fall within Song-Beverly's ambit.  (FAC ¶¶ 28, 70–71.)  He therefore believes that Defendant has violated the Act.  However, as the Court previously noted in dismissing Plaintiff's original complaint, the provision of Song-Beverly now at issue does not necessarily require manufacturers to provide parts to "unauthorized, unaffiliated [service and repair] facilities."  (Docket No. 29 [3/5/2014 Order] at 8.)  Plaintiff runs just such an "unauthorized, unaffiliated" facility, and there is therefore no reason that Song-Beverly protects him.

Plaintiff has provided no new allegations or reasoning that would alter the Court's prior conclusion.  Instead, he "submits that the Court's reasoning was flawed and its conclusion . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

was incorrect." (Opp. at 5.) He may bring this argument before the Circuit in the future, but it is unavailing now. The Song-Beverly claim must be **DISMISSED**, for the reasons stated in the Court's 3/5/2014 Order.

### 2. THE CARTWRIGHT ACT, CAL. BUS. & PROF. CODE § 16720 ET SEQ.

"The Cartwright Act prohibits combinations in restraint of trade. Although the statutory language is all-encompassing, the courts have limited the Cartwright Act's reach to unreasonable restraints." UAS Management, Inc. v. Mater Misericordiae Hospital, 169 Cal. App. 4th 357, 364 (2008) (quoting Morrison v. Viacom, Inc., 66 Cal. App. 4th 534, 540 (1998)). The FAC describes restraints ostensibly in violation of several distinct sections—specifically, Cal. Bus. & Prof. Code §§ 16720, 16722, 16726, and 16727—but they all relate to allegations of improper tying. (See FAC ¶¶ 78–88.)

The Cartwright Act makes it "unlawful . . . for a seller to use its market power in one market to force or coerce a buyer to purchase its product or service in a distinct market in which the seller does not have such market power or to refrain from buying from the seller's competitor." UAS Management, 169 Cal. App. 4th at 368–369. "The result of such coercion is called a tying arrangement." Id. at 369. To make out a cause of action for unlawful tying, plaintiffs must allege: "(1) a tying agreement, arrangement or condition . . . whereby the sale of the tying product [or service] was linked to the sale of the tied product or service; (2) the party had sufficient economic power in the tying market to coerce the purchase of the tied product; (3) a substantial amount of sale was effected in the tied product; and (4) the complaining party sustained pecuniary loss as a consequence of the unlawful act." Classen v. Weller, 145 Cal. App. 3d 27, 37–38 (1983); see also Morrison, 66 Cal. App. 4th at 541–542.

### a. Tying Two Distinct Products

As both Parties acknowledge, the Cartwright Act's provisions are based upon, and interpreted in accordance with, federal antitrust provisions. (Mem. at 9 n.4; Opp. at 9 n.2) (citing Lloyd Design Corp. v. Mercedes-Benz of N. Am., 66 Cal. App. 4th 716, 721 (1998) and Morrison, 66 Cal. App. 4th at 541, respectively.) And the Supreme Court has indicated that the first element of a tying claim requires two distinct products. Eastman Kodak Co. v. Image Tech. Servs., 504 U.S. 451, 462 (1992).

For the sake of clarity, the Court notes here that the "two distinct products" at issue in this case are (1) camcorder replacement parts, and (2) camcorder repair services. (FAC ¶ 76.) In this context, Plaintiff's discussion of service manuals is entirely beside the point. (See Opp. at 10.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | July 10, 2014 |
|----------|------------------------|------|---------------|
| Title | Sherman Bahr v. Canon USA Inc | | |

And "[f]or service and parts to be considered two distinct products, there must be sufficient consumer demand so that it is efficient for a firm to provide service separately from parts." Kodak, 504 U.S. at 462.

Plaintiff acknowledges this efficiency requirement, (Opp. at 11), but never explains how the FAC satisfies it.  It is therefore not clear that he has met the initial hurdle of a Cartwright claim:  alleging that two distinct products are actually at issue.

The case upon which Plaintiff primarily relies focuses on the initial sale of, and the repair services offered for, expensive photocopying machines.  Kodak, 504 U.S. at 457.  In that case, the Supreme Court observed that "service and parts [had] been sold separately in the past *and still are sold separately* to self-service equipment owners."  Id. at 463 (emphasis added).  It could therefore be inferred that separate provision of services and parts was efficient.  Id.  Replacement parts for camcorders, the subject of this litigation, do not necessarily fall into the same category.

Kodak presents a situation quite different from that present in this case.  Kodak involved the sale of large, complex, expensive machines for which there was a substantial market for repair services and replacement parts.  The copying machines at the center of the dispute were not readily discarded and replaced either physically or economically.  Accordingly, purchasers of the machines, if left to their own devices, would necessarily be motivated to shop for repair services and replacement parts to obtain the best combination of price and quality.  In this case, the original product is small, increasingly cheap, and readily disposable when it turns out that one's cell phone takes better video.  It is in that context that one must assess Plaintiff's allegation that Canon has now instituted a policy under which it no longer sells replacement parts separately from repair services.  (FAC ¶ 28.)  While it might once have been efficient for repair services and replacement parts to be offered separately, this is no longer necessarily so.  Plaintiff has not addressed this issue; he entirely failed to allege that Defendant could provide services and parts separately and economically, and has not even said how much replacement parts or repairs cost.  He has therefore not properly pled the existence of two distinct products.

### b.  Using Power in the Tying Market to Coerce Purchase of the Tied Product

Plaintiff has also failed to meet the second element of a tying claim:  alleging that Defendant had "sufficient economic power in the tying market to coerce the purchase of the tied product."  Classen, 145 Cal. App. 3d at 37.  Specifically, he has not pled the existence of a valid "market."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

"[A]ntitrust laws are designed primarily to protect *interbrand* competition." Leegin Creative Leather Prods. v. PSKS, Inc., 551 U.S. 877, 895 (2007) (emphasis added). Protection of *intrabrand* competition, by contrast, requires something extra. Judge Breyer, in the Northern District of California, provided a well-reasoned description of how a single brand might constitute a market:

> [A] valid single-brand, derivative aftermarket follows a particular model: First, a consumer purchases a particular brand of a good or service. Second, the nature of that good or service requires the same consumer to purchase a follow-on good or service in a derivative aftermarket. . . . Third, . . . something about the good or brand of good purchased by the consumer in the foremarket (1) prevents the consumer from returning to the foremarket and switching to a different brand if the consumer is unhappy with the price of the follow-on good in the aftermarket and (2) the particular brand's follow-on good is not reasonably interchangeable with follow-on goods of other brands.

In re ATM Fee Antitrust Litig., 2010 U.S. Dist. LEXIS 61160, at *25–26 (N.D. Cal. June 21, 2010). "In Kodak, for instance, the cost of a new photocopier precluded a customer from responding to supracompetitive prices in the market for replacement Kodak parts and services by returning to the foremarket and purchasing a copier from a different manufacturer." Id. at *26.

The "derivative aftermarket" identified by Plaintiff in this case—i.e., the market for repair services—does not follow this pattern. Actually, calling it an aftermarket at all would be something of a misnomer. Canon allegedly folded the sale of replacement parts into the sale of repair services, so that they must now be purchased in a single step.[1] And, purchased in a single step, these products can be considered the subjects of a single market, which would not be protected by anti-tying regulations. See Classen, 145 Cal. App. 3d at 36–37 (tying violations occur where two markets are implicated: "the market for the tying product," and "the market for the tied product").

### c. Conclusion

For each of the above reasons, Defendant's motion must be **GRANTED** and Plaintiff's Cartwright claim **DISMISSED**.

---

[1] The Court is careful to distinguish, here, between the sale of camcorders in the first instance and the sale of replacement parts. Plaintiff makes no claim that the initial sale of camcorders has been illegally tied to any other market.

**LINK: 34**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-05259 GAF-(AJWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

### 3. PLAINTIFF'S UNFAIR COMPETITION CLAIM

In addition to his Song-Beverly and Cartwright claims, Bahr alleges that Defendant violated the California Unfair Competition Law.  The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  To state a claim for an "unlawful" business practice under Section 17200, a plaintiff must assert the violation of some other law.  Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  An act or practice is "unfair" under the UCL "if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided."  Daugherty v. Am. Honda Motor Co., Inc., 51 Cal. Rptr. 3d 118, 129 (Cal. App. 2d Dist. 2006).

Plaintiff has claimed that Canon violated both the "unlawful" and the "unfair" prongs of the UCL.  (FAC ¶¶ 92, 96.)  With the dismissal of Plaintiff's other statutory claims, Plaintiff's "unlawful" UCL claim must be dismissed.  But regrettably, neither Party addresses the "unfair" prong in their briefing.  (See Mem. at 17; Opp. at 16 n.2.)

Even so, illumination comes in the fact that the California statutory scheme specifically contemplates actions such as Defendant's.  (See 3/5/2014 Order at 6–8.)  And one could hardly say that actions deemed acceptable by the state legislature support conclusory allegations of "immoral, unethical, oppressive, unscrupulous" behavior.  (FAC ¶ 92.)  Indeed, governmental approval suggests at least some level of "countervailing benefit" to outweigh Plaintiff's alleged injury.  Daugherty, 51 Cal. Rptr. 3d at 129.  Accordingly, Defendant's motion is **GRANTED** with respect to this cause of action.

/ / /

/ / /

**LINK: 34**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05259 GAF-(AJWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | Sherman Bahr v. Canon USA Inc | | |

**IV.**
**CONCLUSION**

For the reasons given above, the Court **GRANTS** Defendant's motion to dismiss.  The motion to strike Plaintiff's class allegations is therefore **DENIED as moot**.  The Court previously indicated that Plaintiff would have one opportunity to amend his complaint.  However, given the addition of the antitrust theory and having had only one opportunity to plead that claim, the Court will allow one final opportunity to amend.  Accordingly, the motion is **GRANTED** and the claims **DISMISSED WITH LEAVE TO AMEND.**  If an amended complaint is filed, it must be received by the Court no later than Friday, August 1, 2014.   The hearing presently scheduled for July 14, 2014 is **VACATED.**

**IT IS SO ORDERED.**