**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT[*]

FILED

JUL 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHERMAN BAHR, d/b/a VIDEO ONE REPAIR, on behalf of itself and all others similarly situated,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>CANON U.S.A., INC.,<br><br>    Defendant - Appellee. | No. 14-56292<br><br>D.C. No. 2:13-CV-05259 (GAF) (AJW)<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted July 6, 2016
Pasadena, California

Before: VANASKIE,[**] MURGUIA, and WATFORD, Circuit Judges

    Sherman Bahr, the owner of Video One Repair, appeals the district court's dismissal of his claims under the Song-Beverly Act, Cal. Civ. Code § 1790 *et seq.*, the Cartwright Act, Cal. Bus. & Prof. Code § 16720 *et seq*, and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. We

---

    [*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]The Honorable Thomas I. Vanaskie, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's dismissal of these claims.

1. Bahr argues that Section 1793.03 of the Song-Beverly Act, Cal. Civ. Code § 1793.03, requires manufacturers of certain electronics to supply all "service and repair facilities" with repair parts and service manuals for at least seven years after the date of manufacture. The Act's text, however, suggests that this section was not meant to apply to all repair facilities. Although the phrase "service and repair facilities" is not defined in the Act, other sections of the Act clearly indicate that this phrase refers to the manufacturer's facilities or to authorized-independent facilities, but not to unauthorized facilities like Bahr's. Indeed, several provisions of the Act address "service and repair facilities" that are operated or authorized by the manufacturer, but address unauthorized "independent repair or service facilities" separately. *See* Cal. Civ. Code § 1793.2(a); *see also* Cal. Civ. Code § 1793.3. Considering the legislation as a whole, *Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991), it is evident that the "service and repair facilities" referred to in Section 1793.03 are those maintained or authorized by the manufacturer. Because Bahr's shop is unauthorized, Section 1793.03 does not require Canon to supply Bahr's repair shop with repair parts or service manuals. As such, we affirm the district court's dismissal of Bahr's Song-Beverly claim.

2

2. Bahr also argues that he properly pled a "tying" claim under the Cartwright Act. We disagree. The district court identified defects with Bahr's tying claim and gave him an opportunity to amend his complaint, but Bahr did not do so. Because Bahr did not properly allege that replacement parts and services are two distinct products, see *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 462 (1992), we agree with the district court that Bahr failed to properly plead a tying claim. Thus, we affirm the district court's dismissal of Bahr's Cartwright Act claim.

3. Lastly, Bahr argues that his Song-Beverly and Cartwright claims support a derivative claim under the UCL. Because we find that the district court properly dismissed these claims, however, Bahr's claim under the UCL necessarily fails. Thus, we affirm the district court's dismissal of Bahr's UCL claim.

**AFFIRMED.**